UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-266-GWU

KENNETH R. TAULBEE,                                                               PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Disability Insurance Benefits (DIB). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

07-266  Kenneth R. Taulbee

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

07-266 Kenneth R. Taulbee

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Kenneth R. Taulbee, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of disorders of the feet, back, heart, hands, wrists, and right leg, as well as depression. (Tr. 22). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 28-31). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether the plaintiff, a 45-year-old man with a high school education and a history of semi-skilled work, could perform any jobs if he were limited to lifting 20 pounds occasionally and 5 pounds frequently, could stand and walk no more than two hours in an eight-hour day but could sit eight full hours, and also had the following non-exertional restrictions. (Tr. 876). He: (1) could occasionally climb, balance, stoop, crouch,

07-266 Kenneth R. Taulbee

kneel, and crawl; and (2) had the mental capacity to understand, remember, and carry out simple, repetitive tasks and instructions, respond appropriately to supervisors and coworkers, and tolerate normal stress in a task-oriented non-public work setting. (Id.).[1] The VE responded that there were jobs that such a person could perform, and proceeded to give the numbers in which they existed in the regional and national economies. (Tr. 877).

On appeal, this court must determine whether the hypothetical factors selected by the ALJ are supported by substantial evidence, and that they fairly depict the plaintiff's condition.

The ALJ specifically stated that with regard to the psychological restrictions, he was adopting the opinions given by state agency reviewing psychologists Lea Perritt and Jane F. Brake. (Tr. 22-3). These sources had reviewed the consultative psychiatric evaluation of Dr. David Atcher, who evaluated Mr. Taulbee in December, 2004 and diagnosed an adjustment disorder with depressed features in partial remission. (Tr. 421-5). Dr. Atcher did not prepare a formal mental medical assessment form, but did assign a Global Assessment of Functioning (GAF) score of 60 to 65 (Tr. 425), indicating moderate to mild symptoms per the <u>Diagnostic and</u>

---

[1] The ALJ's ultimate residual functional capacity finding as set out in the hearing decision was slightly different from the hypothetical in that it prohibited all climbing of ladders, ropes, and scaffolds. (Tr. 28). However, Social Security Ruling 96-9p indicates that a limitation on climbing would have little impact on the sedentary job base.

<u>Statistical Manual of Mental Disorders</u> (4th Ed.--Text Revision), p. 34.  He further commented that it appeared that the plaintiff would be able to understand, remember, and carry through fairly well with simple tasks and directions, but not complex or intricate tasks, and that his irritability and seclusiveness "might impair his ability to relate with supervisors or coworkers."  (Tr. 426).  Finally, Dr. Atcher reported that it did not "appear" that Mr. Taulbee would do well with the usual pressures of a work environment.  (Id.).

As the plaintiff points out on appeal, the ALJ did not mention any of these comments by Dr. Atcher.  As a one-time examiner, Dr. Atcher was not entitled to the deference due to a treating source and the ALJ was not necessarily bound to "give good reasons" for failing to adopt his restrictions as described in <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541 (6th Cir. 2004).  However, it is troubling that Drs. Perritt and Brake, the state agency reviewers upon whom the ALJ expressly relied, did not deal with the psychiatrist's opinion in any detail, either. Dr. Perritt simply said that his opinion was "given moderate weight" without any elaboration.  (Tr. 440).  Dr. Brake affirmed Dr. Perritt's decision, also without elaboration.  (Tr. 467).  The lack of discussion makes it difficult to determine how the state agency experts reached their conclusions.  Dr. Perritt did state that the plaintiff would work best where contact with others was minimal (Tr. 444), which appears to be consistent with Dr. Atcher's indication of difficulty relating with

07-266 Kenneth R. Taulbee

coworkers and supervisors (Tr. 426). However, restrictions on coworkers and supervisors were not mentioned in the "Summary Conclusions" portion of her assessment (Tr. 442-3), or of Dr. Brake's (Tr. 465-6), nor was any such limitation contained in the hypothetical question. The lack of discussion by either the state agency experts or the ALJ makes it impossible for a reviewing court to determine why it was concluded that no limitation was appropriate in this area.[2] Consequently, a remand will be required for further development of this issue.

The plaintiff has also raised several other issues on appeal. First, he noted that an examining rheumatologist, Dr. Paul Goldfarb, noted a deformity of the left elbow with pain on palpation. (Tr. 325). Combined with the plaintiff's history of carpal tunnel syndrome, for which he underwent surgery in the past (Tr. 395, 872), the plaintiff suggests that a limitation on reaching was warranted. However, no treating, examining, or reviewing source indicated that there would be a reaching/handling restriction, and the plaintiff's only indication was that his left arm had been broken as a child, making it harder for him to lift things. (Tr. 866). Consequently, an additional limitation on this basis was not established. Second,

---

[2]Following the date of the most recent state agency reviewer's opinion, the plaintiff sought treatment at the Kentucky River Comprehensive Care Center, where he was given a primary diagnosis of a mood disorder and given medications such as Effexor and Wellbutrin. (E.g., Tr. 695, 709-10, 720). However, it does not appear that any GAF score or functional restrictions were provided and the new evidence neither bolsters nor detracts from the evidentiary support for the hypothetical question.

10

07-266  Kenneth R. Taulbee

the plaintiff asserts that a consultative orthopedic examination by Dr. Ninad Karandikar contained the information Mr. Taulbee's walking was "very very restricted secondary to his foot pain as well as his low back pain." (Tr. 831). It appears that this comment was part of the plaintiff's medical history as related to the examiner, however, rather than a medical conclusion. Dr. Karandikar specifically did conclude that there was evidence for a mild to moderate restriction in the patient's tolerance for, among other things, standing and "moving about," (Tr. 833) and restricted him in a medical source statement to standing and walking two hours in an eight-hour workday (Tr. 836). The hypothetical question was consistent with the physician's specific findings and no greater limitation was established either by Dr. Karandikar or other medical providers. Mr. Taulbee's treating family physician, Dr. Edwin N. Santos, had even advised him to exercise and walk more each day after having custom shoe orthotics fitted in early 2005. (Tr. 448-9). Finally, the plaintiff notes that not all of the extensive medical records for the plaintiff's cardiac condition were specifically mentioned in the ALJ's decision, and while this is true, none of the evidence provides proof of any permanent functional restrictions that would be greater than found by the ALJ. Therefore, there was no reversible error in failing to discuss them.

11

07-266  Kenneth R. Taulbee

The plaintiff has submitted additional evidence to the Appeals Council, and while it cannot be considered as part of the court's substantial evidence review, it can be considered along with any other new evidence on remand.

The decision will be remanded for further consideration.

This the 4th day of June, 2008.

Signed By:
*G. Wix Unthank*
United States Senior Judge