UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-266-GWU

KENNETH R. TAULBEE,                                              PLAINTIFF,

VS.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                   DEFENDANT.

## INTRODUCTION

Counsel for the plaintiff has filed a motion for fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, seeking $150.00 per hour for 50.1 hours of service, plus $376.26 in costs and $39.39 in expenses.  The defendant has objected to the hourly rate and the number of hours claimed; in addition, the defendant requests that the fees and expenses should be paid to the plaintiff, rather than directly to counsel.

## APPLICABLE LAW

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed."  28 U.S.C. § 2412(d)(2).  There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap.  Kerin v.

1

U.S. Postal Service, 218 F.3d 185 (2nd Cir. 2000).  Additionally, cost of living and "special factors" may justify increasing the rate above the cap.  28 U.S.C. § 2412(d)(2).

Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation."  Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). In making this determination, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district.  London v. Hatter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001).  The burden is on the plaintiff to provide evidence that the rates he requests are in line with appropriate community rates.  Blum, 465 U.S. at 895.

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases.  Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992).  Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute.  Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of

qualified attorneys for the proceedings involved, justifies a higher rate.  28 U.S.C. § 2412(d)(2)(A).  However, this term has been fairly narrowly interpreted by the Supreme Court.  Pierce v. Underwood, 108 S.Ct. 2541, 2544 (1988) (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation).  Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement.  Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

## DISCUSSION

Initially, counsel for the plaintiff recognizes that the court has not approved an increase in the hourly fee under EAJA beyond $125.00 per hour, but cites an increase in the cost of living over the previous twelve years.  However, the court has consistently required a showing that the "prevailing market rate" is higher than $125.00 per hour, evidenced by rates actually billed and paid in similar lawsuits.  Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988), citing Blum, 465 U.S. at 895-6 n. 11.  As no such documentary evidence has been submitted the court finds that $125.00 per hour remains the maximum rate.[1]

---

[1]Counsel states in his reply brief, Docket Entry No. 18, p. 2, that he "has submitted affidavits regarding hourly E.A.J.A. rates of Social Security attorneys of comparable skill and experience in support of the $150.00 hourly rate, see Alice Kennedy v. Commissioner, Case No. [ ] 5:06-cv-162-JBC . . .; Melinda Stamper o/b/o B.D.S. v. Barnhart, Case No. [ ] 5:03-cv-468-JBC . . .; Deborah Herald o/b/o B.H. v. Commissioner, Case No. [ ] 2:02-cv-284-WOB . . . ."  No reason is given for not

07-266  Kenneth R. Taulbee

Regarding the number of hours claimed, the Commissioner submits four specific objections.

First, he requests a reduction from 2.1 hours to 0.1 hours for dealing, in an unspecified way, with an "[e]lectronic notice of U.S.D.C.'s Notice of Summons issued as to SSA (?)" (question mark in original).  Docket Entry 15-2, p. 6.  This entry is followed by 1.5 hours (unchallenged by the defendant) for "[t]elephone contact with U.S.D.C.'s Clerk's office and travel to Pikeville to pick up Summons from U.S.D.C. office . . . ."  Id., p. 7.  While it is possible that counsel may have had some unexplained difficulty with the electronic notice, there is no apparent reason that receipt of this routine notice, by itself, would consume over 2 hours.

Second, the defendant requests a reduction in the total of 1.5 to .5 hours to draft cover letters to accompany the summons and complaint to the Attorney General, the United States Attorney, and the General Counsel of the Social Security Administration.  Since these letters should have been essentially the same, the reduction is appropriate.

---

attaching these affidavits in the current case, and the court's staff was unable to locate any affidavits among the electronic filings in Kennedy or Stamper.  The clerk's office obtained one affidavit among the filings in Herald, a case that predates electronic filing. The affidavit is sworn to by attorney James Roy Williams, is dated June 24, 2003, and states that he has been awarded fees of $142.00 per hour in cases filed in the Southern District of Ohio.  He does not aver that he has been awarded this rate in the Eastern District of Kentucky's Central Division, however.  Moreover, the affidavit does not show that this rate was billed and paid, whether in Ohio or here.  Consequently, the affidavit does not provide a basis for increasing the hourly rate.

4

07-266  Kenneth R. Taulbee

Third, a reduction is requested in the 18.5 hours billed from "12/15/07-1/22/08" for preparation and submission of motions for an extension of time, to file excess pages, and for summary judgment.  Id., p. 8.  The Commissioner proposes that 12.0 hours is appropriate.  Since counsel lumps several different items together under one heading, it is impossible to determine how many hours were expended on each one.  Keeping in mind that counsel has also billed 10 hours for review of the administrative transcript, the court concurs that 12.0 hours was adequate for the preparation of his motions and memorandum.

Fourth, the Commissioner requests halving the 0.2 hours for receipt and review of the court's standing briefing order and 0.2 hours for receipt and review of the order granting the motion for extension of time and request to file excess pages.  This reduction is also reasonable.

Finally, consistent with the undersigned's Memorandum Opinion and Order in Shirley Honaker v. Astrue, Lexington Civil Action No. 07-197 (July 30, 2008), the court continues to find that the statutory language requires attorney's fees be awarded to the plaintiff as the prevailing party, rather than to his attorney, in the absence of a written fee agreement.  Counsel has now filed such an agreement, making it unnecessary to reach any of the other issues raised in his most recent memorandum.

07-266  Kenneth R. Taulbee

Accordingly,

IT IS HEREBY ORDERED that:

(1)     the Motion for Payment of Attorney Fee, Docket Entry No. 15, is GRANTED IN PART and DENIED IN PART; and

(2)     counsel for the plaintiff is awarded attorney's fees under the Equal Access to Justice Act in the amount of $5,050.00 (40.4 hours x $125.00 per hour), $376.26 in costs, and $39.39 in expenses.

This the 10th day of December, 2008.

**Signed By:**

**G. Wix Unthank**

**United States Senior Judge**